IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SARAH FLORA,

    *Plaintiff*,

    v.

EVEREST WEALTH MANAGEMENT,
INC., et al

    *Defendants*.

Civil Action No. ELH-17-1621

**MEMORANDUM**

Sarah Flora, plaintiff, filed suit in the Circuit Court for Baltimore County on May 4, 2017 (ECF 2), which she subsequently amended. ECF 3. As amended, the suit contains multiple claims against plaintiff's former employers, Everest Wealth Management, Inc. ("EWM") and Everest Investment Advisors, Inc. ("EIA")[1] (collectively, "Everest"), as well as several other defendants: Philippe A. Rousseaux, Jr., Everest's founder and former President of EWM and EIA; Lorena Rodriguez, Rousseaux's wife and an officer of EWM; and John G. Anthony, an employee of Everest. ECF 3, ¶¶ 1-8. Flora alleges that defendants failed to pay all commissions due to her in connection with her sale of insurance products for Everest (*Id.* ¶¶ 19-20), and that Everest ultimately fired her to avoid paying plaintiff what she had earned. *Id.* ¶ 57.

In particular, plaintiff alleges a violation of the Maryland Wage Payment and Collection Law, Md. Code (2016 Repl. Vol.), §§ 3-501 *et seq.* of the Labor and Employment Article ("L.E.") (Count I, *id.* ¶¶ 15-26); Violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") (Count II, ¶¶ 27-33); Breach of Contract (Count III, ECF 3, ¶¶ 34-41); Fraudulent Misrepresentation (Count IV, *id.* ¶¶ 42-49); Misrepresentation or Concealment (Count V, *id.*

---

[1] EIA is now a defunct entity. ECF 3, ¶ 2.

¶¶ 50-55); Wrongful Discharge (Count VI, *id.* ¶¶ 56-64); Quantum Meruit (Count VII, *id.* ¶¶ 65-68); and Unjust Enrichment (Count VIII, *id.* ¶¶ 69-70).  Further, plaintiff seeks a declaratory judgment nullifying her non-compete agreement with Everest (Count IX, *id.* ¶¶ 71-77).

On the basis of the FLSA claim, defendants timely removed the case to federal court on June 14, 2017, pursuant to 28 U.S.C. §§ 1331, 1367, and 1441.  ECF 1 ("Notice of Removal"), ¶¶ 8-9.  On June 20, 2017, defendants answered the complaint and asserted five counterclaims.  ECF 14 ("Answer and Counterclaims") at 17-21.  The counterclaims present questions under Maryland law.  *Id.*

Now pending are plaintiff's Motion to Remand (ECF 18) and Motion for Leave to Voluntarily Dismiss with Prejudice Count II (ECF 19, "Motion to Dismiss").  Defendant opposes both motions.  ECF 24 ("Opposition to Remand"); ECF 25 ("Opposition to Dismissal").  Plaintiff has replied to the Opposition to Remand.  ECF 26 ("Reply").  As discussed, *infra*, the parties have also submitted exhibits.

No hearing is necessary to resolve the motions.  *See* Local Rule 105.6.  For the reasons that follow, I shall grant both motions.

## I.    Background[2]

Plaintiff was hired by Everest in December 2013 to sell insurance products.  ECF 3, ¶¶ 5, 6, 16.  As part of her employment, she was entitled to a commission from her sales.  *Id.* ¶ 16.  According to plaintiff, Everest owes her more than $90,000 in unpaid commissions.  *Id.* ¶ 20.  Plaintiff also asserts that over the course of her employment, Everest reduced her commission percentage and her benefits, in contravention of Everest's original representations.  *Id.* ¶¶ 46-48.

---

[2] Based on the procedural posture of the case, I must assume the truth of any well pleaded factual allegations in the complaint.  *See*, *e.g.*, *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

On March 6, 2017, Everest fired plaintiff (*id.* ¶ 7), which plaintiff avers was "intentionally calculated to circumvent the Wage Payment Law and deprive Ms. Flora of substantial compensation." *Id.* ¶ 61.

## II. Discussion

Plaintiff has moved voluntarily to dismiss, with prejudice, the FLSA claim in Count II. ECF 19 at 2. She also seeks a remand to the Circuit Court for Baltimore County, on either of two theories: (1) that her employment agreement with defendants contains a forum selection clause providing for venue in the Circuit Court for Baltimore County (ECF 18-1 at 4); and (2) if the FLSA claim is dismissed, this Court should exercise its discretion to remand the remaining claims and counterclaims to State court, as there is no basis for federal jurisdiction. *Id.* at 5.

In response, defendants argue: (1) the agreement containing the forum selection clause pertains only to plaintiff's non-compete agreement with defendants, and not other employment matters (ECF 24 at 2); (2) the forum selection clause in the agreement should not be read to refer exclusively to a *state* court geographically located in Baltimore County (*id.* at 6-7); (3) this Court should not allow plaintiff to dismiss her federal claim and remand because doing so would reward forum manipulation (ECF 25 at 2); (4) even if plaintiff's FLSA claim were dismissed, this Court retains jurisdiction on the basis of diversity of citizenship (ECF 24 at 3-4); and (5) under 28 U.S.C. § 1367(c), this Court may exercise supplemental jurisdiction as to the various claims, notwithstanding the forum selection clause. *Id.* at 7-10.

At issue here is the forum selection clause, the right of the plaintiff to dismiss her federal claim, the jurisdictional basis for the non-federal claims and counterclaims, and the discretion of this Court to remand the case to the Circuit Court for Baltimore County. In brief, if the forum selection clause applies, this case should be remanded (or, technically, dismissed, see discussion

*infra*).  If the forum selection clause does not apply and the plaintiff may not dismiss or abandon her federal claim, jurisdiction remains proper in this Court.  If the plaintiff may dismiss or abandon her federal claim but diversity jurisdiction exists, jurisdiction remains proper in this Court.  But, if the plaintiff may dismiss or abandon her federal claim and there is no diversity of citizenship, this Court may remand the remaining claims to the state court at its discretion.

Because the questions of dismissal and remand can be decided without regard to the forum selection clause, I need not consider that contention.[3]

### A.  Voluntary Dismissal

Plaintiff styles her motion to dispose of her FLSA claim as a "motion to voluntarily dismiss with prejudice."[4]  ECF 19 at 1.  In effect, the motion is more accurately characterized as a motion to amend the complaint by abandoning the FLSA claim under Fed. R. Civ. P. 15.  *See Skinner v. First Am. Bank of Virginia*, 64 F.3d 659 (Table), 1995 WL 507264, at *2 (4th Cir. 1995) ("Because Rule 41 provides for the dismissal of *actions,* rather than *claims,* Rule 15 is technically the proper vehicle to accomplish a partial dismissal." (citation omitted)); *see also Elat v. Ngoubene*, 993 F. Supp. 2d 497, 519 (D. Md. 2014) ("The proper mechanism for a

---

[3] Both sides submitted a copy of a document between plaintiff and "Everest Inc.", dated December 23, 2013, titled "Agreement."  *See* ECF 3-1; ECF 24-1.  In one Whereas clause, the Agreement states:  "Employee desires to give, and Employer desires to receive from Employee, a covenant not to engage . . .  in competition with, or to solicit any customer . . . ."  ECF 3-1 at 3.  Further, the Agreement states, in part, ECF 3-1 at 8: "The provisions of this Agreement shall be interpreted and enforced in accordance with the laws of the State of Maryland, venue shall lie exclusively in Baltimore County and Employee hereby submits to the personal jurisdiction of that court."

The federal district court in Maryland has two locations:  Greenbelt and Baltimore City, not Baltimore County.

[4] Plaintiff requests that Count II be dismissed "conditioned upon the case being remanded to the Circuit Court for Baltimore County."  ECF 19 at 2.  Plaintiff cites no authority for her right to set such a condition.  In submitting the motion to this Court, plaintiff took the risk that the motion would be granted.

plaintiff to withdraw some, but not all, claims is to file a motion to amend pursuant to Fed. R. Civ. P. 15."); 8 *Moore's Federal Practice - Civil* § 41.21 (Matthew Bender 3d ed.) ("Rule 41(a) may not be employed to dismiss fewer than all of the claims against any particular defendant. This is because a voluntary dismissal under Rule 41(a)(1) or (2) terminates an *action*, which means the totality of all component *claims*, i.e., legal causes of action, asserted against a single defendant." (footnotes and citations omitted) (emphasis in original)).

Rule 15(a)(2) allows a party to amend a pleading with the opposing party's written consent or with leave of court. The Rule instructs courts to "freely give leave when justice so requires." But, "leave to amend is not to be granted automatically. Disposition of a motion to amend is within the sound discretion of the district court." *Deasy v. Hill*, 833 F.2d 38, 40 (4th Cir. 1987) (citation omitted).

In considering whether to grant leave to amend, district courts must consider several factors: "(i) undue prejudice to opposing party, (ii) undue delay, (iii) bad faith or dilatory motive, and (iv) futility of amendment." *Shilling v. Nw. Mut. Life Ins. Co.*, 423 F. Supp. 2d 513, 518 (D. Md. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The Fourth Circuit has "interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (citations omitted).

Defendants protest plaintiff's proposed dismissal of her FLSA claim by calling it "blatant forum shopping." ECF 25 at 1. Defendants do not assert that they will suffer any undue prejudice from the dismissal of the FLSA claim itself; rather, they seem to oppose the motion only insofar as dismissal of the federal question might lead to remand to the State court. *Id.* at 2.

Although the issue of remand is related to the existence of plaintiff's FLSA claim, the two are not inextricably linked.

Plaintiff filed her Motion to Dismiss within one month after defendants removed the case. Defendants have not suggested undue delay, and clearly there is none. *See Shilling*, 423 F. Supp. 2d. at 519 ("Plaintiff filed his motion less than a month after Defendants removed the case and, therefore, has not caused undue delay."). And, simply seeking a return to State court is not evidence of "bad faith." *See id.* ("Defendants have offered no evidence that Plaintiff's actions in adding and later moving to dismiss his . . . claim were prompted by any ill motive toward Defendants, such as a desire to force them to incur expenses in the removal and remand process."). Notably, defendants have not posited any prejudice as a result of the proposed dismissal. Nor have defendants alleged futility.

The complaint of "forum shopping" is more properly discussed in the context of the Motion to Remand. I note, however, that the Fourth Circuit has observed that "the mere prospect of the transfer of litigation to state court was an insufficient basis for denying the motion for voluntary dismissal. 'Ordinarily the mere fact that a plaintiff prefers the state courts ought not to prevent his discontinuing his suit; one court is as good as another.'" *Davis v. USX Corp.*, 819 F.2d 1270, 1275 (4th Cir. 1987) (quoting *Young v. Southern Pacific Co.*, 25 F.2d 630, 632 (2d Cir. 1928) (Learned Hand, J., concurring)).

For these reasons, I shall construe plaintiff's Motion to Dismiss her FLSA claim as a motion to amend her complaint by abandoning Count II. And, I shall grant the Motion. Therefore, Count II is stricken.

## B.  Motion to Remand

 Plaintiff moves to remand this case to State court, citing the parties' forum selection clause and her motion to dismiss her FLSA claim, which is the only federal claim in the case. Defendants oppose the Motion to Remand, contending that, in addition to the inapplicability of the forum selection clause, the case could have been removed on the basis of diversity, and so this Court retains jurisdiction, even without the FLSA claim.   As noted, I need not reach the issue of the effect of the forum selection clause.

### 1.  Diversity Jurisdiction

 Under 28 U.S.C. § 1332(a)(1), federal district courts have subject matter jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."   With exceptions not applicable here, diversity jurisdiction under § 1332 "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

 Of import here, in the context of actions removed from State court, the domicile of the parties for jurisdictional purposes is determined at the time of removal.  *See*, *e.g.*, *Dennison v. Carolina Payday Loans, Inc.*, 549 F.3d 941, 943 (4th Cir. 2008) ("[F]ederal jurisdiction [is] fixed at the time . . . [the] notice of removal is filed."); *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir. 1988) ("Diversity must be established at the time of removal.").  *But see Kanzelberger v. Kanzelberger*, 782 F.2d 774, 776 (7th Cir. 1986) ("[T]he required diversity must exist both when the suit is filed—as the statute itself makes clear, see 28 U.S.C.

§ 1441(a)—and when it is removed . . . ." (citing 14A Wright, Miller & Cooper, *Federal Practice and Procedure* § 3723, at 312-14 (2d ed. 1985))).

A challenge to subject matter jurisdiction under Rule 12(b)(1) may proceed "in one of two ways": either a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "'that the jurisdictional allegations of the complaint [are] not true.'" *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted); *see also Buchanan v. Consol. Stores Corp.*, 125 F. Supp. 2d 730, 736 (D. Md. 2001). In a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns,* 585 F.3d at 192; *see also Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). In a factual challenge, on the other hand, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192. In that circumstance, the court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004).

Although defendants have not moved to dismiss under Rule 12(b)(1), the same principles are at play: Defendants have invoked diversity jurisdiction, which plaintiff challenges. Plaintiff's challenge is essentially a factual one, attacking defendants' assertion of diversity. ECF 26 at 2-3. As such, I may consider the evidence presented by the parties with their memoranda. *Velasco*, 370 F.3d at 398.

The pleadings and the exhibits show that at the time of the filing of the suit, and at the time of removal, defendants were not completely diverse from plaintiff. Plaintiff is domiciled in Maryland. *See* ECF 3 at 1. Corporations, such as EWM, are domiciled both in their place of

incorporation and their principal place of business. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). Defendants contend that EWM "no longer conducts any business in Maryland" (ECF 24 at 3), but they have offered no evidence of this assertion. However, plaintiff submitted several exhibits dated August 21, 2017, indicating that EWM continues to operate principally in Maryland. ECF 26-1 (a Florida Division of Corporations record showing that EWM has its "Principal Address" in Maryland); ECF 26-2 (a Maryland Department of Assessments & Taxation record showing that EWM has its "Principal Office" in Maryland); ECF 26-3 (EWM's website, stating that its "Corporate Headquarters" are in Maryland); ECF 26-5 (photographs depicting EWM's occupied office in Maryland).

Even if EWM were diverse from plaintiff, defendant Anthony is not. This action was removed to federal court on June 14, 2017, and, as noted, diversity is determined at the time of removal. *Dennison*, 549 F.3d at 943. Defendants have submitted the Affidavit of Mr. Anthony, in which he avers that "[o]n July 1, 2017, [John G. Anthony] moved [his] residence to Huntington, West Virginia," and "[a]s of July 1, 2017, [he is] no longer a legal resident of Maryland." ECF 24-2, ¶¶ 3, 6. Therefore, it is evident that at the time of removal Mr. Anthony was domiciled in Maryland.

Because at least one defendant was not diverse from plaintiff at the time of removal, there was no diversity jurisdiction at that time.[5]

---

[5] Defendants suggest in their Opposition to Remand that they can remove the case again if it is remanded. ECF 24 at 9. Section 1446(b) of Title 28 of the United States Code makes clear that notice of removal must be filed within 30 days after receipt by the defendants of the original or amended complaint. In their Notice of Removal, defendants state that their attorneys "accepted service of the Summons and Amended Complaint on behalf of Defendants on May 26, 2017." ECF 1, ¶ 3. Thus, it appears that defendants' 30 day window to remove based on diversity of citizenship expired by the end of June, before Mr. Anthony moved to West Virginia and while EWM appears to have been operating in Maryland.

## 2. Discretion to Remand

Upon abandonment of the FLSA claim, this Court lacks federal question jurisdiction. All parties agree (ECF 24 at 8, 9; ECF 26 at 4), and the law makes clear, that the decision to exercise supplemental jurisdiction over the remaining Maryland law claims is within the court's discretion.

Section 1367 of Title 28 of the United States Code provides, in part:

The district courts may decline to exercise supplemental jurisdiction . . . if—
(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Plaintiff urges that, in the absence of the FLSA claim, this Court should exercise its discretion to remand. ECF 18-1 at 5. In their Opposition to Remand, defendants depend largely on their erroneous assertion of diversity jurisdiction, but also mention "the principles of fairness, comity, and judicial economy" as grounds for this Court to retain the case. ECF 24 at 9. In their Opposition to Dismissal, defendants also urge the Court to bar plaintiff's "blatant forum shopping" and "manipulative" tactics. ECF 25 at 1-2.

In *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988), the Supreme Court considered "whether a district court has discretion to remand a removed case to state court when all federal-law claims have dropped out of the action and only pendent state-law claims remain." *Id.* at 348. In that case, the plaintiff had stated a single federal claim and a number of state law claims, and the defendant removed the case on the basis of federal question jurisdiction. *Id.* at 350-51. Early

in the litigation, the federal claim was eliminated and the district court opted to remand the remaining claims to state court. *Id.* at 351.[6]

The Supreme Court upheld the remand. *Id.* at 357. In so doing, the Court set forth a number of factors for a district court to consider in deciding whether to retain a case or remand. These include the convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy. *Id.* at 350 (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)); *see also Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995).

As a general matter, the Fourth Circuit has indicated that in circumstances such as these, "our precedents evince a strong preference that state law issues be left to state courts . . . ." *Arrington v. City of Raleigh*, 369 F. App'x 420, 423 (4th Cir. 2010). The Court said: "'[A] federal court *should consider and weigh in each case, and at every stage of the litigation*, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims.'" *Id.* at 423-24 (quoting *Cohill*, 484 U.S. at 350) (emphasis in *Arrington*).

Accordingly, I shall evaluate whether to retain jurisdiction based on the considerations of judicial economy, convenience, fairness, and comity.

Judicial economy does not weigh against remand. Plaintiff's only federal claim has been abandoned. And, because defendants cannot establish diversity jurisdiction, it is not likely that this case will return to federal court. *C.f. Moffitt v. Residential Funding Co.*, *LLC*, 604 F.3d 156,

---

[6] As noted in *Cohill*, the Supreme Court had already decided in *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966), that the continued exercise of jurisdiction over pendent claims was a matter "of discretion, not of plaintiff's right." The question in *Cohill* was whether the district court could remand the remaining state law claims, rather than dismiss them. *Cohill*, 484 U.S. at 350.

160 (4th Cir. 2010) (judicial economy weighed against remand because "these cases would likely end up in federal court regardless . . . ."). Likewise, comity does not weigh against remand. *See, e.g.*, *Medina v. L & M Const., Inc.*, RWT-14-00329, 2014 WL 1658874, at *2 (D. Md. Apr. 23, 2014) ) ("Finally, as a matter of comity, this Court will remand [plantiff's] state law claims back to state court, as '[n]eedless decisions of state law [by federal courts] should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.'" (quoting *Gibbs,* 383 U.S. at 726) (alteration in *Medina*)).

In considering the convenience of the parties, I note that no discovery has taken place and no trial date is set. I recognize that defendants paid a filing fee to remove the case. Paraphrasing Judge Legg's observation in *Shilling*, 423 F. Supp. 2d at 520, "[a]lthough Defendants have incurred expenses in the removal and remand process, they have gained something as well. Namely, Plaintiff has agreed to dismiss [her FLSA] claim with prejudice." I am also mindful that one of defendants' lawyers has paid for *pro hac vice* admission in this Court (ECF 25 at 2). But, that cost is relatively nominal.

The only developments that occurred in federal court, prior to plaintiff's motions, were defendants' answer and counterclaims. ECF 14. There is no reason why these filings should not fare just as well in State court. Indeed, counterclaims can also be remanded, even if they were first filed in federal court after removal. *See, e.g.*, *Cty. Of James City v. Rogers*, 360 F. App'x 439, 441 (4th Cir. 2010) (noting with approval the district court's remand of defendant's counterclaims). Moreover, remand should not cause any logistical inconvenience to the parties, who would still be litigating in the Baltimore metropolitan area. *C.f. Shilling*, 423 F. Supp. 2d at 520-21 ("[A]s the Circuit Court for Baltimore City and this Court are both located in Baltimore City, it will not inconvenience the parties to litigate this action in state court.")

As for fairness, defendants allege no prejudice to the substance of their defense or counterclaims. Instead, defendants allege procedural unfairness in plaintiff's "blatant forum shopping." ECF 25 at 1. This is a legitimate concern. "But there is no 'categorical prohibition' on such manipulation." *Wood v. Crane Co.*, 764 F.3d 316, 322 (4th Cir. 2014) (quoting *Cohill*, 484 U.S. at 357). Instead, as the Supreme Court has instructed: "If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case." *Cohill*, 484 U.S. at 357.

Plaintiff acknowledges, more or less, that her object is to return the case to State court. *See* ECF 18-1 at 5. Still, under similar circumstances, judges of this Court have found that the balance of factors shifts in favor of remand. *See, e.g.*, *Green v. Baltimore City Police Dep't*, WMN-10-3216, 2011 WL 335868, at *1 (D. Md. Jan. 31, 2011) ("Thus, while forum manipulation is of serious concern to this Court, . . . the interests in comity, convenience and judicial economy are more substantial."); *Berry v. PLC, Inc.*, RDB-06-0006, 2006 WL 1042373, at *2 (D. Md. Apr. 20, 2006) ("Although forum manipulation is a significant concern, that factor is outweighed in this case by the interests of judicial economy and comity."); *Shilling*, 423 F. Supp. 2d. at 520 (declining to exercise jurisdiction even though "Plaintiff dismissed his [federal] claim in an effort to destroy federal jurisdiction").

For these reasons, I decline to exercise jurisdiction over the remaining State law claims. Disapproval of forum manipulation is an inadequate reason to retain an action composed entirely of State law claims and counterclaims. "With all its federal questions gone, there may be the authority to keep [this case] in federal court under 28 U.S.C. §§ 1367(a) and 1441(c) (2000), but

there is no good reason to do so." *Waybright v. Frederick Cty., MD*, 528 F.3d 199, 209 (4th Cir. 2008).

### 3. Attorneys' Fees

In her Motion to Remand, plaintiff asks this Court to award "reasonable attorneys' fees and costs incurred in connection with removal, including preparing and litigating the instant Motion to Remand, pursuant to 28, [sic] U.S.C. § 1447(c)." ECF 18 at 3. Plaintiff requests these fees on the basis that she "afforded Defendants an opportunity to agree to remand the case" and they declined, necessitating litigation of the Motion to Remand. *Id.*

Section 1447(c) of Title 28 allows for the payment of costs and expenses incurred as a result of removal if the case is thereafter remanded to the state court. But, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted).

In my view, the request for legal fees reflects considerable audacity. Defendants' removal of the case was "objectively reasonable" and wholly proper. It is plaintiff who went to great lengths to secure a remand, by abandoning her FLSA claim. Defendants had no obligation to agree to the remand. I shall deny plaintiff's request for legal fees and costs.

### III.    Conclusion

For the reasons stated above, I shall GRANT plaintiff's Motion to Voluntarily Dismiss, and I shall GRANT plaintiff's Motion to Remand. I shall, however, DENY plaintiff's request for legal fees and costs.

An Order follows, consistent with this Memorandum.


Date:   September 26, 2017                                    /s/
                                          Ellen Lipton Hollander
                                          United States District Judge